Eastern District of Kentucky
**FILED**

AUG 2 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

|  |  |  |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5: 06-272-JMH |
| | ) | |
| LAW OFFICES OF MELBOURNE MILLS, JR., | ) | |
| PLLC, and MELBOURNE MILLS, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Continental Casualty Company ("Continental"), for its Complaint against

defendants Melbourne Mills, Jr. ("Mills") and The Law Offices of Melbourne Mills, Jr., PLLC

(the "Firm"), alleges as follows:

### NATURE OF THE ACTION

1. Continental brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a

declaratory judgment regarding its rights and obligations, if any, under Lawyers Professional

Liability Policy No. LAW-184081127 issued to the Firm for the policy period August 21, 2003

to August 21, 2004 (the "Policy"), with respect to *Abbott, et al. v. Chesley, et al.*, Case No. 05-

CI-436 (Cir. Ct., Boone Cty., Ky.) (the "Litigation"). A true and correct copy of the Policy (with

social security number redacted) is attached hereto as Exhibit A.

2. In this action, Continental seeks a judgment declaring, among other things, that

coverage for the Litigation is precluded by virtue of various Policy provisions and exclusions.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Court has personal jurisdiction over the defendants.

4.    Venue is proper pursuant to 28 U.S.C. § 1391, in that, on information and belief, the Firm is a professional limited liability company with its place of business in this district, the defendant resides in this district, and a substantial part of the events giving rise to the claim at issue in this action occurred in this district.

5.    An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

## PARTIES

6.    Plaintiff Continental is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois. Continental legally transacts insurance business in the State of Kentucky and within the geographical jurisdiction of the United States District Court for the Eastern District of Kentucky.

7.    The Firm is a professional limited liability company incorporated in the State of Kentucky with its principal place of business at 163 East Main Street, Suite 100, Lexington, Kentucky 40507.

8.    Mills is an attorney affiliated with the Firm and licensed to practice law in the State of Kentucky.

# FACTUAL ALLEGATIONS

## The Litigation

9.      Mills and several other attorneys represented in excess of four hundred plaintiffs, collectively, in connection with the settlement of their claims against American Home Products Corporation and others pertaining to the diet drug Fen-Phen (the "Fen-Phen Action").

10.      The Litigation is a purported class action, brought by and on behalf of plaintiffs in the Fen-Phen Action against Mills, Stanley M. Chesley ("Chesley"), Shirley A. Cunningham, Jr. ("Cunningham"), William J. Gallion ("Gallion") and The Kentucky Fund for Healthy Living, Inc. (the "Fund"). A true and correct copy of the Amended Complaint (the "Amended Complaint") filed in the Litigation is attached hereto as Exhibit B.

11.      Pursuant to an agreement filed under seal in May 2001, the Fen-Phen Action was settled for $200 million, which amount was divided as follows: plaintiffs received $74 million; Mills received $23 million; Chesley received $20 million; Cunningham received $26 million; Gallion received $30 million; non-defendant in the Fen-Phen Action Lawrence received $5 million; Mark Modlin ("Modlin"), a trial consultant retained by defendants, received $2 million; and the Fund was established with the remaining $20 million.

12.      Plaintiffs in the Litigation contend that, without their knowledge or consent, in January 2003, Mills, his co-defendants Cunningham and Gallion, and non-party to the Fen-Phen Action Modlin, established the Fund as a registered 501(c)(3) corporation with settlement funds from the Fen-Phen Action. See Amended Complaint, ¶¶ 72, 78.

13.      Subsequently, Mills, Cunningham, Gallion and Modlin became members of the Fund's Board of Directors, for which they allegedly each received monthly compensation in the amount of $5,350.

14.     In the Amended Complaint, plaintiffs allege that Mills and the other individual defendants in the Litigation (i) failed to disclose the fact that they established the Fund; (ii) failed to disclose the amount of Fen-Phen Action settlement proceeds transferred to the Fund; (iii) failed to disclose the amount of funds deducted from Fen-Phen Action settlement proceeds for attorneys' fees and expenses; and (iv) failed to disclose the amount of Fen-Phen Action settlement proceeds set aside for "contingent liabilities" and the use of those funds. Amended Complaint, ¶ 2.

15.     Based on the foregoing, plaintiffs in the Litigation assert causes of action against Mills and his co-defendants for breach of fiduciary duty; fraudulent misrepresentation; and declaratory judgment that defendants' handling of plaintiffs' settlement funds, and their failure to fully and completely account for those funds and their handling of those funds to their former clients, constitutes a breach of their contractual, ethical, fiduciary and professional duties.

16.     Plaintiffs in the Litigation seek an accounting of all Fen-Phen Action settlement funds received by Mills and his co-defendants; disgorgement from Mills and/or his co-defendants; compensatory damages from Mills and/or his co-defendants for all sums improperly withheld from plaintiffs; punitive damages from Mills and/or his co-defendants; the imposition of a constructive trust on all funds held by the Fund and all attorneys' fees paid to Mills and his co-defendants; pre-judgment and post-judgment interest on any and all funds found to have been improperly withheld from plaintiffs by Mills and his co-defendants; and fees, costs and expenses from Mills and/or his co-defendants.

17.     By Order entered March 8, 2006 (the "Order"), the Honorable William Wehr granted partial summary judgment to plaintiffs in the Litigation. A true and correct copy of the Order is attached hereto as Exhibit C.

18.     In the Order, Judge Wehr found that (i) Mills, like his co-defendants Gallion and

Cunningham, had a fee contract with his clients that limited his attorneys' fees to a certain

percentage (in Mills's case, 30%) of his clients' net recovery; and (ii) the attorneys' fees actually

received "yields a figure far in excess of any contracted for contingent attorneys' fees." Order at

3. Among other things, Judge Wehr found that Mills, Gallion and Cunningham "were passing

out money to themselves and others like it was theirs to do with as they wished," and that they

made false representations in order to obtain Court approval of the settlement in the Fen-Phen

Action. (Order at 5). Based on these and other findings of wrongful conduct, Judge Wehr

determined, on summary judgment, that Mills breached his fiduciary duty to his clients.

19.     Judge Wehr has not yet ruled on the precise amount of fees subject to return or the

amount of fees each defendant is expected to return.

### The Policy

20.     The Policy has a limit of liability of $5 million per "claim" and $5 million in the

aggregate, inclusive of "claim expenses." Policy, Declarations, Item 3; Limits of Liability and

Deductible, Section II.A and II.B. Any coverage provided by the Policy is subject to satisfaction

of the applicable $50,000 aggregate deductible, inclusive of claim expenses. Policy,

Declarations, Item 4; Limits of Liability and Deductible, Section II.C.

21.     Subject to all of its terms, conditions and limitations, the Policy provides coverage

for

> all sums in excess of the deductible that the **Insured**[1] shall become legally
> obligated to pay as **damages** and **claim expenses** because of a **claim** that is both
> first made against the **Insured** and reported in writing to the **Company** during the
> **policy period** by reason of an act or omission in the performance of **legal**

---

[1] Terms in bold are defined in the Policy.

**services** by the **Insured** or by any person for whom the **Insured** is legally liable
. . . .

Policy, Insuring Agreement, Section I.A.

22.     The Policy defines "claim" as "a demand received by the **Insured** for money or

services arising out of an act or omission . . . in the rendering of or failure to render **legal**

**services**." Policy, Definitions, Section III.B.

23.     The Policy defines "legal services" to mean:

1.     those services performed by an **Insured** for others as a lawyer, arbitrator,
       mediator, title agent or as a notary public...;

2.     those services performed by an **Insured** as an administrator, conservator,
       receiver, executor, guardian, trustee or in any other fiduciary capacity and
       any investment advice given in connection with such services.

Policy, Definitions, Section III.H.

24.     Mills is an "Insured" within the meaning of the Policy.  <u>See</u> Policy, Definitions,

Section III.G.

25.     Pursuant to Section III.E of the Policy, there is no coverage for punitive damages,

the multiplied portion of multiplied awards, injunctive or declaratory relief, amounts for which

the **Insured** is not financially liable or that are without legal recourse to the Insured or "legal

fees, costs and expenses paid or incurred or charged by the **Insured**, no matter whether claimed

as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are

a consequence of any of the foregoing." Policy, Definitions, Section III.E.

26.     The Policy does not apply to any claim based on or arising out of any Insured's

capacity as "a former, existing or prospective officer, director, shareholder, partner or manager

of a business enterprise or charitable organization (if the above are not named in the

Declarations)." Policy, Exclusions, Section IV.F.

27.    The Policy does not apply to any claim "based on or arising out of the **Insured's** alleged liability under any oral or written contract or agreement, unless such liability would have attached to the **Insured** in the absence of such agreement." Policy, Exclusions, Section IV.D.

28.    Continental has advised Mills that it is handling this matter under a reservation of rights and that it does not believe coverage is available for the Litigation on the following grounds, among others: (i) the relief sought in the Litigation consists of the disgorgement of "legal fees, costs and expenses paid or incurred or charged by the **Insured**…and injuries that are a consequence thereof," punitive damages and declaratory or injunctive relief; (ii) Mills's acts or omissions in connection with the Fund do not qualify as "legal services;" (iii) a portion of the Litigation arises out of Mills's capacity as a director of the Fund; and (iv) the Litigation arises out of Mills's and his co-defendants' liability under their respective fee contracts. Nevertheless, Continental is providing a defense, subject to a full and complete reservation of rights.

29.    Continental also reserved its rights generally and on a number of other specific grounds. Among other things, unless the findings made by Judge Wehr in his interlocutory Order of March 8, 2006, are vacated or reversed: (1) Continental will be entitled to rescind the Policy and to declare it void *ab initio*, based on the Firm's denial in the application for the Policy of knowledge of circumstances that could reasonably be expected to be the basis of a claim; and (2) Exclusion IV.A of the Policy, which bars coverage for claims "based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission," will preclude coverage for the Litigation.

30.    On information and belief, Mills and the Firm, which is the Named Insured, dispute Continental's coverage position.

## COUNT I

### Declaratory Judgment – No Coverage
### For Nature of Relief Sought in Litigation

31.　　Continental repeats and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint.

32.　　Pursuant to Section III.E of the Policy, covered damages do not include, among other things, punitive damages, injunctive or declaratory relief or "legal fees, costs and expenses paid or incurred or charged by the **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing." Policy, Definitions, Section III.E.

33.　　The relief sought in the Litigation consists of the disgorgement of "legal fees, costs and expenses paid or incurred or charged by the **Insured**…and injuries that are a consequence thereof," punitive damages and declaratory or injunctive relief, none of which constitute covered "damages" under the Policy.

34.　　Accordingly, Continental is entitled to a declaration that coverage for the Litigation is barred by virtue of Section III.E of the Policy.

## COUNT II

### Declaratory Judgment – No Coverage
### For Acts and Omissions Not Performed in Connection with Provision of Legal Services

35.　　Continental repeats and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint.

36.　　The Policy provides coverage for

> all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against the **Insured** and reported in writing to the **Company** during the **policy period** by reason of an act or omission in the performance of **legal**

**services** by the **Insured** or by any person for whom the **Insured** is legally liable
. . . .

Policy, Insuring Agreement, Section I.A.

37. As defined by the Policy, "legal services" means

1. those services performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or as a notary public...;

2. those services performed by an **Insured** as an administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity and any investment advice given in connection with such services.

Policy, Definitions, Section III.H.

38. Mills's acts or omissions performed in connection with establishing and operating

the Fund do not qualify as "services performed by an **Insured** for others as a lawyer."

39. Accordingly, Continental is entitled to a declaration that coverage for claims in

the Litigation involving the Fund is barred because acts or omissions performed in connection

with creation and operation of the Fund do not constitute "legal services."

## COUNT III

### Declaratory Judgment – No Coverage
### For Director of Business Enterprise or Charitable Organization

40. Continental repeats and incorporates by reference the allegations in paragraphs 1

through 30 of this Complaint.

41. Pursuant to Exclusion IV.F, the Policy does not apply to any claim based on or

arising out of an Insured's capacity as "a former, existing or prospective officer, director,

shareholder, partner or manager of a business enterprise or charitable organization (if the above

are not named in the Declarations)." Policy, Exclusions, Section IV.F.

42.    There is no coverage under the Policy for any damages arising from acts or omissions performed by Mills in his capacity as a former, existing or prospective director of the Fund.

43.    Accordingly, Continental is entitled to a declaration that, to the extent that any of plaintiffs' claims arise out of Mills's capacity as a former, existing or prospective director of the Fund, there is no coverage under the Policy for any damages arising therefrom under Policy Section IV.F.

## COUNT IV

### Declaratory Judgment – No Coverage Under Contract Exclusion

44.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint.

45.    The Policy does not apply to any claim "based on or arising out of the **Insured's** alleged liability under any oral or written contract or agreement, unless such liability would have attached to the **Insured** in the absence of such agreement." Policy, Exclusions, Section IV.D.

46.    The Litigation arises out of Mills's and his co-defendants' liability under their respective fee contracts.

47.    Accordingly, Continental is entitled to a declaration that, pursuant to Policy Section IV.D, to the extent that any of plaintiffs' claims arise out of Mills's liability under any oral or written contract or agreement, there is no coverage under the Policy for any damages arising therefrom, unless such liability would have attached in the absence of such agreement.

WHEREFORE, Continental requests that the Court enter judgment in its favor and declare that Continental has no obligation to defend or indemnify Mills and/or the Firm for the claims asserted in the Litigation, or more specifically:

A.     On Count I, a judicial declaration that Continental has no obligation to defend or indemnify the defendants herein in connection with the Litigation because the relief sought therein consists of the disgorgement of "legal fees, costs and expenses paid or incurred or charged by the **Insured**...and injuries that are a consequence thereof," punitive damages and declaratory or injunctive relief;

B.     On Count II, a judicial declaration that Continental has no obligation to defend or indemnify the defendants herein in connection with claims in the Litigation involving the Fund because acts or omissions performed in connection with the Fund do not constitute "legal services," as defined in the Policy;

C.     On Count III, a judicial declaration that Continental has no obligation to defend or indemnify the defendants herein in connection with claims in the Litigation arising out of Mills's capacity as a former, existing or prospective director of the Fund;

D.     On Count IV, a judicial declaration that Continental has no obligation to defend or indemnify the defendants herein in connection with the Litigation because the Litigation arises out of Mills's and his co-defendants' liability under their respective fee contracts;

E.     Such additional declaratory and/or other relief as the Court deems just, necessary and proper.

Respectfully submitted,

Kevin D. Henry

Dated: August 24th, 2006

Kevin G. Henry
155 East Main Street
Suite 400
Lexington, KY  40507
Telephone:  (859) 255-8581
Facsimile:   (859) 231-0851

**COUNSEL FOR PLAINTIFF
CONTINENTAL CASUALTY COMPANY**

OF COUNSEL:

Richard A. Simpson
Edward B. Mullen
Kelly V. Overman
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006
Telephone:  (202) 662-2000
Facsimile:  (202) 662-2190